United States District Court
Southern District of Texas
**ENTERED**
August 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELMER RIVAS IZAGUIRRE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-05417 |
| | § | |
| RANDY TATE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court are Petitioner Delmer Rivas Izaguirre's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment (the "Motion for Summary Judgment") (Doc. #6), and Petitioner's Reply (Doc. #7). Having considered the parties' arguments and applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

Petitioner Delmer Rivas Izaguirre ("Petitioner"), a citizen of Honduras, entered the United States without inspection on or about October 1, 2016. Doc. #1, Ex. 3 at 2. Petitioner was arrested and then released on his own recognizance on October 2, 2016. Doc. #1 at 10. On November 15, 2022, the Immigration Judge ordered Petitioner removed *in absentia*. Doc. #1, Ex. 6 at 4. However, on June 12, 2026, the Immigration Judge granted Petitioner's motion to reopen removal proceedings. *Id.* at 5. Respondents do not dispute that Petitioner complied with all conditions of his release. *See* Doc. #6; Doc. #1 at 19. Notwithstanding Petitioner's compliance, Respondents re-detained Petitioner on May 6, 2026. Doc. #1 at 5. The Department of Homeland Security ("DHS") has issued a Notice to Appear ("NTA") charging Petitioner with being inadmissible under

Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. Doc. #1, Ex. 3 at 2. Petitioner is currently in custody at the Montgomery Processing Center in Conroe, Texas and has not been afforded a bond hearing, or any individualized determination of flight risk, danger to the community, or violation of his release conditions. Doc. #1 at 5.

Respondents argue that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). Doc. #6. Petitioner argues that his detention violates the Due Process Clause of the Fifth Amendment. Doc. #1 at 15–18. Courts in the Southern District of Texas have held that the re-detention of a noncitizen previously released on recognizance, without a pre-deprivation hearing or a showing of changed individual circumstances, violates procedural due process. *See Betancourth v. Tate*, No. 4:26-CV-01169, 2026 WL 638482 at *3–5 (S.D. Tex. Mar. 6, 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4–6 (S.D. Tex. Feb. 25, 2026); *Leon v. Joe Corley Detention Facility*, No. CV 4:26-1341, 2026 WL 905191, at *3–5 (S.D. Tex. Apr. 2, 2026). The Court sees no reason to reach a different conclusion here.

Accordingly, the Court concludes that Petitioner's re-detention, without an individualized assessment or opportunity to be heard, violates Petitioner's right to procedural due process. The Court further determines that release is the appropriate habeas relief for the unlawful detention in this case. *See Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("federal courts may grant habeas relief as law and justice require") (cleaned up).

For the foregoing reasons, Respondents' Motion for Summary Judgment is DENIED. Doc. #6. Furthermore, Petitioner's Petition for Writ of Habeas Corpus is GRANTED. Doc. #1.

The Court therefore ORDERS as follows:

1. Respondents are ORDERED to effectuate Petitioner's immediate release from custody within forty-eight (48) hours of the entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas.
2. Respondents are further ORDERED to inform Petitioner's counsel or Petitioner's next friend of the time and location of his release at least three (3) hours before release.
3. Respondents are further ORDERED to return to the Petitioner, at the time of his release from custody, any and all identification documents taken from her at the time of or during detention.
4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an Immigration Judge at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.
5. Respondents are further ORDERED to file a status report updating the Court within seventy-two (72) hours of this Order, informing the Court of the status of Petitioner's release.
6. All other pending motions, if any, are DENIED as MOOT.

It is so ORDERED.

AUG 14 2026

Date

The Honorable Alfred H. Bennett
United States District Judge